IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

NO. 15-12731-GG
_____

LARRY KLAYMAN,

Plaintiff/Appellant,

vs.

VOICE MEDIA GROUP, INC., *ET AL.*,

Defendants/Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

_____

APPELLEES' RESPONSE TO JURISDICTIONAL QUESTIONS
_____

SANFORD L. BOHRER
SCOTT D. PONCE
BRIAN W. TOTH
Holland & Knight LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

Attorneys for Appellees

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

Appellees, pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 26.1-1, identify the following people and entities as having an interest in the outcome of this appeal:

Ken Avidor

Sanford L. Bohrer

United States District Judge Anne C. Conway

Matthew Handley

Holland & Knight LLP

Larry Klayman

United States Magistrate Judge Philip R. Lammens

Scott D. Ponce

Aaron Rupar

Brian W. Toth

Voice Media Group, Inc., a Colorado corporation

    Lancero Associates, LLC, an Arizona limited liability company

    (Dallas Observer, Houston Press, LA Weekly, and OC Weekly also owned by Lancero Associates, LLC, an Arizona limited liability company)

    New Times Media, LLC, a Delaware limited liability company

i

City Pages, LLC, a Delaware limited liability company

Denver Westword, LLC, a Delaware limited liability company

Miami New Times, LLC, a Delaware limited liability company

New Times, BPB, LLC, a Delaware limited liability company

Phoenix New Times, LLC, a Delaware limited liability company

Riverfront Times, LLC, a Delaware limited liability company

Village Voice, LLC, a Delaware Limited Liability Company

Dallas Observer, LP, a Texas limited partnership

Houston Press, LP, a Texas limited partnership

LA Weekly, LP, a Delaware limited partnership

OC Weekly, LP, a Delaware limited partnership

Each corporate Appellee further certifies that there is no publicly held corporation that owns 10% or more of its stock.

**APPELLEES' RESPONSE TO JURISDICTIONAL QUESTIONS**

Appellees submit their response to the Court's jurisdictional questions.

## I. JURISDICTIONAL QUESTIONS

The Court has asked the following jurisdictional questions:

It appears that the relevant pleadings did not sufficiently allege the citizenship of any party so as to establish the district court's subject matter jurisdiction in the first instance. *See* 28 U.S.C. § 1332; *Molinos Valle Del Cibao, C. por A, v. Lama*, 633 F.3d 1330,1342 n.12 (11th Cir. 2011) (providing that in order to sufficiently establish diversity, the pleadings must allege the citizenship, not residence, of each individual party); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (stating that, to sufficiently allege the citizenship of a limited liability company, a party must identify and list the citizenship of all its members); *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15,16 n.1 (5th Cir. 1979) (noting that the principal place of business and state of incorporation must be alleged for a corporation); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085-89 (11th Cir. 2010) (determining that, for unincorporated associations, the pleading of every member's citizenship is essential to establishing diversity jurisdiction).

Insofar as the allegations are inadequate, please address: (1) whether the allegations should be amended on appeal, pursuant to 28 U.S.C. § 1653, to cure any jurisdictional deficiencies in the current pleadings; (2) alternatively, whether current record evidence adequately establishes the parties' citizenship; or (3) whether the record should be supplemented with additional evidence to demonstrate the parties' citizenship. *See* 28 U.S.C. § 1653; *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013) (determining that defective jurisdictional allegations cannot be cured based exclusively on a plaintiff's self-serving argument about her own citizenship in a brief). If applicable, the parties should submit any motions that they consider necessary or appropriate to cure the deficiencies.

## II. APPELLEES' RESPONSE

There unquestionably was complete diversity of citizenship between Appellant and Appellees when Appellant filed his initial complaint on March 20, 2013 [ECF No. 1]. At that time, Appellees, collectively, were citizens of Minnesota, Arizona, Delaware, and Colorado; and Appellant was a citizen of Florida, Washington, D.C., or California. Thus, at the time initial complaint was filed, Appellant's citizenship was different from the citizenship of each Appellee. *See* 28 U.S.C. §1332(a)(1); *see also Holston Invs., Inc. B.V.I. v. Lanlogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) ("Diversity jurisdiction is determined at the time the complaint was filed. To meet the jurisdictional requirements of §1332(a), the citizenship of each plaintiff must be different from that of each defendant." (citation omitted)).

As quoted above, the Court's jurisdictional questions ask which, if any, of three specified alternatives should be pursued in light of the inadequate allegations of citizenship contained in Appellant's initial and amended complaints.

Appellees' position is that the most efficient of the alternatives is to permit the parties to supplement the record with evidence establishing their citizenship. To that end, Appellees have contemporaneously filed a motion seeking leave to supplement the record which, if granted, will permit Appellees to file declarations establishing their citizenship at the time the initial complaint was filed. Appellant,

2

in turn, would be able to file a declaration (or other evidence) establishing his citizenship at the time he filed the initial complaint.

Having explained why Appellees believe that supplementing the record is the best alternative, Appellees will now briefly address why they do not believe the other two alternatives identified by the Court will work here.

With respect to amending on appeal the jurisdictional allegations, as permitted by 28 U.S.C. § 1653, it is unlikely that Appellant has the information that would be necessary for him to allege the citizenship of Appellees, some of whom are limited liability companies having other limited liability companies as their members.  *See, e.g.*, *Mallory & Evans Contractors & Engr's, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (stating that, to sufficiently allege the citizenship of a limited liability company, a party must identify and list the citizenship of all its members).

As for whether the current record evidence adequately establishes the parties' citizenship, the answer is that it does not.

## III.  CONCLUSION

For these reasons, the parties should be permitted to supplement the record with evidence establishing their citizenship at the time Appellant filed his initial complaint.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Appellees
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/ Scott D. Ponce
    Sanford L. Bohrer (FBN 160643)
    Scott D. Ponce (FBN 0169528)
    Brian W. Toth (FBN 57708)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of August 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

By: /s/ Brian W. Toth

#36742117_v1

4