IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. 15-12731-GG

LARRY KLAYMAN,

    Plaintiff/Appellant,

vs.

VOICE MEDIA GROUP, INC., *et al.*,

    Defendants/Appellees.

_____/

**APPELLEES' SECOND MOTION TO SUPPLEMENT THE RECORD**

Appellees move for the entry of an Order allowing the parties to supplement the record with declarations establishing their citizenship at the time Appellant filed his initial complaint. The grounds for this Motion are:

On July 20, 2015, the Court issued jurisdictional questions relating to the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a) in light of what the Court described as the relevant pleadings' apparently insufficient and inadequate allegations relating to the parties' citizenship. The jurisdictional questions concluded by stating that, "[i]f applicable, the parties should submit any motions that they consider necessary or appropriate to cure the deficiencies."

On August 23, 2015, Appellees filed a motion to supplement the record, requesting that they be permitted to submit declarations identifying the citizenship of each Appellee at the time Appellant filed his initial complaint. Appellees did not

attach the declarations to the motion due to authority suggesting that the proper procedure was to make a proffer of the materials that would be inserted into the record if the motion were granted, but that attaching the materials to the motion could be considered a "negative aspect[]." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989).

On September 9, 2015, the Court issued a supplemental jurisdictional question noting that Appellees filed a motion to supplement the record with declarations relating to citizenship, but did not attach any declarations to the motion. The Court then asked if there is "any material evidence that could assist this Court in determining whether to grant the appellees' motion to supplement the record?"

Through this Motion, Appellees request that they be permitted to supplement the record with the declarations that are attached as Exhibits A, B, C, and D. These declarations establish each Appellee's citizenship at the time Appellant filed his initial complaint on March 20, 2013 [ECF No. 1].

The Court has "the inherent equitable power to allow supplementation of the record if it is in the interests of justice." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). The determination of whether to allow supplementation of the record is made on a "case-by-case basis," and "[a] primary factor which we consider in deciding a motion to supplement the record is whether acceptance of the proffered material into the record would establish beyond any

doubt the proper resolution of the pending issues." *Id.* However, "[e]ven when the added material will not conclusively resolve an issue on appeal, we may allow supplementation in the aid of making an informed decision." *Young v. Augusta, Georgia, City Of*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989)).

Here, the issue to be resolved, as raised by the Court's jurisdictional questions, is whether complete diversity of citizenship existed at the time Appellant filed his initial complaint. Allowing the parties to supplement the record with declarations establishing their citizenship at the time the initial complaint was filed will conclusively resolve the Court's jurisdictional questions or, at the very least, aid the Court in making an informed decision. *See, e.g.*, *Cabalceta*, 883 F.2d at 1555 ("Since the Court is considering the existence of subject matter jurisdiction, a consideration of all relevant information is necessary to make an informed and final decision."). Supplementation of the record in this manner is especially warranted because complete diversity of citizenship does, in fact, exist here.

For these reasons, Appellees respectfully request the entry of an Order permitting the parties to supplement the record on appeal with declarations establishing their citizenship on March 20, 2013, which is the day on which Appellant filed his initial complaint.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellees, pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 26.1-1, identify the following people and entities as having an interest in the outcome of this appeal:

Ken Avidor

Sanford L. Bohrer

United States District Judge Anne C. Conway

Matthew Handley

Holland & Knight LLP

Larry Klayman

United States Magistrate Judge Philip R. Lammens

Scott D. Ponce

Aaron Rupar

Brian W. Toth

Voice Media Group, Inc., a Colorado corporation

> Lancero Associates, LLC, an Arizona limited liability company (Dallas Observer, Houston Press, LA Weekly, and OC Weekly also owned by Lancero Associates, LLC, an Arizona limited liability company)
>
> New Times Media, LLC, a Delaware limited liability company
>
> > City Pages, LLC, a Delaware limited liability company

Denver Westword, LLC, a Delaware limited liability company

Miami New Times, LLC, a Delaware limited liability company

New Times, BPB, LLC, a Delaware limited liability company

Phoenix New Times, LLC, a Delaware limited liability company

Riverfront Times, LLC, a Delaware limited liability company

Village Voice, LLC, a Delaware Limited Liability Company

Dallas Observer, LP, a Texas limited partnership

Houston Press, LP, a Texas limited partnership

LA Weekly, LP, a Delaware limited partnership

OC Weekly, LP, a Delaware limited partnership

Each corporate Appellee further certifies that there is no publicly held corporation that owns 10% or more of its stock.

        Respectfully submitted,

        HOLLAND & KNIGHT LLP
        Attorneys for Appellees
        701 Brickell Avenue
        Suite 3300
        Miami, Florida 33131
        (305) 374-8500 (telephone)
        (305) 789-7799 (facsimile)

        By:  <u>/s/ Scott D. Ponce</u>
             Sanford L. Bohrer (FBN 160643)
             Scott D. Ponce (FBN 0169528)
             Brian W. Toth (FBN 57708)

## **<u>CERTIFICATE OF SERVICE</u>**

     I HEREBY CERTIFY that on this 10th day of September 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

        By:  <u>/s/ Scott D. Ponce</u>

# Exhibit A

## DECLARATION OF KENNETH AVIDOR

I, Kenneth Avidor, under penalty of perjury, state as follows:

1. I am more than 18 years old. I have personal knowledge of the facts set out in this declaration.

2. On March 20, 2013, which is when Larry Klayman filed a complaint asserting claims against me, I was a citizen of, and domiciled in, Minnesota. I still am a citizen of, and domiciled in, Minnesota.

3. On March 20, 2013, I lived in Minnesota, worked in Minnesota, was registered to vote in Minnesota, and had a Minnesota driver's license. I still live in Minnesota, work in Minnesota, am registered to vote in Minnesota, and have a Minnesota driver's license.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___8/1/2015___, 2015

_____
KENNETH AVIDOR

#36722249_v1

# Exhibit B

## DECLARATION OF MATTHEW HENDLEY

I, Matthew Hendley, under penalty of perjury, state as follows:

1. I am more than 18 years old. I have personal knowledge of the facts set out in this declaration.

2. On March 20, 2013, which is when Larry Klayman filed a complaint asserting claims against me, I was a citizen of, and domiciled in, Arizona. I still am a citizen of, and domiciled in, Arizona.

3. On March 20, 2013, I lived in Arizona, worked in Arizona, was registered to vote in Arizona, and had an Arizona driver's license. I still live in Arizona, work in Arizona, am registered to vote in Arizona, and have an Arizona driver's license.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____July_____ 28, 2015

_____
MATTHEW HENDLEY

#36722355_v1

# Exhibit C

## DECLARATION OF JEFF MARS

I, Jeff Mars, under penalty of perjury, state as follows:

1. I am more than 18 years old. I am Chief Financial Officer for Voice Media Group, Inc. I have personal knowledge of the facts set out in this declaration.

2. Voice Media Group, Inc. is – and was on March 20, 2013 – a Colorado corporation having its principal place of business in Colorado.

3. New Times Media, LLC is – and was on March 20, 2013 – a Delaware limited liability company having its principal place of business in Colorado. The sole member of New Times Media, LLC on March 20, 2013 was Voice Media Group, Inc.

4. At all times relevant to the lawsuit that was brought by Larry Klayman, *City Pages* was a newspaper that was published (in print and online) by City Pages, LLC. On March 20, 2013, City Pages, LLC was a Delaware limited liability company having its principal place of business in Minnesota. The sole member of City Pages, LLC on March 20, 2013 was New Times Media, LLC.

5. At all times relevant to the lawsuit that was brought by Larry Klayman, *Phoenix New Times* was a newspaper that was published (in print and online) by Phoenix New Times, LLC. On March 20, 2013, Phoenix New Times, LLC was a Delaware limited liability company having its principal place of business in Arizona. The sole member of Phoenix New Times, LLC on March 20, 2013 was New Times Media, LLC.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___July 31  31___, 2015

_____
JEFF MARS

#36722626_v1

# Exhibit D

**DECLARATION OF AARON RUPAR**

I, Aaron Rupar, under penalty of perjury, state as follows:

1. I am more than 18 years old. I have personal knowledge of the facts set out in this declaration.

2. On March 20, 2013, which is when Larry Klayman filed a complaint asserting claims against me, I was a citizen of, and domiciled in, Minnesota. I still am a citizen of, and domiciled in, Minnesota.

3. On March 20, 2013, I lived in Minnesota, worked in Minnesota, was registered to vote in Minnesota, and had a Minnesota driver's license. I still live in Minnesota, work in Minnesota, am registered to vote in Minnesota, and have a Minnesota driver's license.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2015

AARON RUPAR

1